UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 25-2347

MIKE HUCKABEE,
Appellant

v.

META PLATFORMS, INC.

_____

On Appeal from the United States District Court
for the District of Delaware,
No. 1:24-cv-00773
District Judge Gregory B. Williams

Before: PHIPPS, FREEMAN, and BOVE, *Circuit Judges*
Submitted: May 28, 2026; Filed: June 23, 2026

_____

NONPRECEDENTIAL OPINION[*]

PHIPPS, *Circuit Judge*.

A prominent political and media figure had his name, image, and likeness used by a third party to advertise a product on a social media platform without his permission. He sued the social media company under an Arkansas statute protecting against the commercial use of a person's name, image, or likeness without their permission. The statute, however, has a mental state requirement for service providers such that they are not liable unless they have actual or constructive knowledge of the unauthorized commercial use of a person's name, image, or likeness. The social media company moved to dismiss that count and others in the complaint. With respect to the Arkansas statute, one of the grounds the social media company proposed for dismissal was that the prominent political and media figure did not plausibly allege the requisite mental state.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The District Court granted the motion, and in dismissing the claim under the Arkansas statute, determined that the complaint lacked plausible allegations of actual or constructive knowledge. Without the submission of a proposed amended complaint, the District Court dismissed the case with prejudice. The prominent political and media figure then moved for relief from the judgment under Rule 59(e), and at that time included a proposed amended complaint with additional allegations as to the social media company's mental state. The District Court denied that motion, concluding that even the additional allegations did not cross the plausibility threshold. In this appeal, the prominent political and media figure challenges the orders denying the Rule 59(e) motion and granting the motion to dismiss. For the reasons below, we will affirm the denial of the Rule 59(e) motion, vacate in part the order granting the motion to dismiss, and remand for further proceedings.

## FACTUAL BACKGROUND

Mike Huckabee is a citizen of Arkansas with a number of achievements. He is a Baptist minister, the former Governor of Arkansas, a two-time presidential candidate, a New York Times best-selling author, a nationally syndicated radio and television host, and the current United States Ambassador to Israel. Between April and June 2024, his name, image, and likeness were used in three different advertisements to endorse cannabinoid, or 'CBD,' products on the Facebook social media platform, which is wholly owned by Meta Platforms, Inc. – a citizen of Delaware by incorporation and of California through its principal place of business. One of the advertisements reported that Huckabee was leaving his then-job as a television show host on Trinity Broadcasting Network, a Christian-based television network, to "[p]ursue [a] [g]reater [p]urpose," which was the promotion of CBD products. Compl. ¶ 13 (JA50–51). In another advertisement, Huckabee appeared to

2

"open[] up about his health problems and the miracle that helped him turn his life around," which was the use of CBD products. *Id.* ¶ 14 (JA51). Another advertisement contained a link, which if clicked, opened what appeared to be, but was not, the Fox News website. That linked webpage had an article with Huckabee's name, image, and likeness reporting that he was leaving his television show due to health issues from an autoimmune disease, and that "[a]s a God-fearing Christian," he recommended "CBD [as] the future of medicine in America," since it was "more effective than similar offerings from . . . 'Big Pharma' Companies." *Id.* ¶¶ 16–19 (JA52–53). Each of the advertisements was made by a third party without Huckabee's permission, and Facebook was paid to feature those messages to its users.

The advertisements were a commercial success: after viewing them, "numerous fans" of Huckabee purchased the CBD products. *Id.* ¶ 22 (JA54). Huckabee learned of the advertisements in or around May 2024, and Facebook removed them from its platform in June 2024. This was not Facebook's first experience with CBD advertisements that had misused the names, images, or likenesses of other public figures. It had previously hosted similarly unauthorized CBD advertisements depicting media personalities Laura Ingraham, Jeanine Pirro, and Sean Hannity, and news outlets reported on those instances.

## PROCEDURAL HISTORY

On July 1, 2024, Huckabee sued Meta in District Court based on Facebook's allowance of the three advertisements, which "wrongly associated [him] with the CBD industry and marijuana use." Compl. ¶ 23 (JA54). His complaint brought a statutory claim under Arkansas's Frank Broyles Publicity Rights Protection Act of 2016, as well as common-law claims for invasion of privacy and unjust enrichment. Huckabee sought over $75,000 in damages.

Meta moved to dismiss the complaint on several grounds. *See* Fed. R. Civ. P. 12(b)(6). Its primary argument was that Section 230 of the Communications Decency Act barred Huckabee's claims. *See* 47 U.S.C. § 230. As alternatives to the § 230 defense, Meta asserted that each claim in Huckabee's pleading had a critical deficiency. For instance, Meta argued that the claim under the Broyles Act did not plausibly allege that Meta had actual or constructive knowledge of the misuse of Huckabee's name, image, or likeness, as required to avoid an exemption in the Broyles Act for service providers, *see* Ark. Code Ann. § 4-75-1110(a)(1)(F). Meta also argued that Huckabee's claim under the Broyles Act did not plausibly allege that Meta, as opposed to any advertiser, had used his name, image, or likeness for commercial benefit, also as required by the Act, *see id.* § 4-75-1108(a). Meta's motion requested a dismissal with prejudice on the ground that amendment would be futile.

Huckabee opposed that motion. With respect to the knowledge requirement in the Broyles Act, he argued that several allegations in his complaint plausibly demonstrated Meta's actual or constructive knowledge of the misuse of his name, image, or likeness. Those allegations included the following:

- Meta sells advertisements;

- Meta allows advertisers to pay more to popularize those advertisements;

- Huckabee is a nationally recognized celebrity;

- Huckabee "has been a lifelong opponent of marijuana and its derivatives—i.e., CBD," Compl. ¶ 34 (JA57);

- Meta hosted inaccurate CBD advertisements with Huckabee's unauthorized name, image, or likeness;

- In one of those advertisements, Meta hosted a fake 'FoxNews.com' link;

- Meta approved the advertisements;

4

- Meta has approved CBD advertisements with fake endorsements from other media celebrities since at least 2021; and

- Meta's approval and maintenance of the Huckabee advertisements was with actual malice or, at least, with reckless disregard to their truthfulness or accuracy.

Huckabee relied on the strength of these and the other allegations in his complaint and did not submit a proposed curative amended complaint, though he requested that any dismissal be without prejudice.

With complete diversity among the parties and a qualifying amount in controversy, the District Court exercised subject-matter jurisdiction over the case, *see* 28 U.S.C. § 1332(a)(1), but it dismissed the case for failure to state a claim, *see Huckabee v. Meta Platforms, Inc.*, 2024 WL 4817657, at *1 (D. Del. Nov. 18, 2024). It did so not on § 230 grounds – it rejected that argument at the motion-to-dismiss stage, *see id.* at *3–5 (citing *Anderson v. TikTok, Inc.*, 116 F.4th 180 (3d Cir. 2024)) – but instead determined that the allegations in the complaint did not plausibly state a claim upon which relief could be granted, *see id.* at *5–7. For the Broyles Act, the District Court disregarded the conclusory statements that Meta had approved and maintained the advertisements with actual malice or reckless disregard as to their truth. *Id.* at *5. The District Court then evaluated the adequacy of the remaining allegations and determined that those allegations did not plausibly demonstrate Meta's actual or constructive knowledge of the misuse of Huckabee's name, image, or likeness. *Id.* Because that was enough to doom the claim under the Broyles Act, the District Court did not address whether Meta commercially benefitted from the advertisements. *See id.* Following a similar methodology, the District Court concluded that the complaint lacked plausible allegations for the common-law claims, and it dismissed those as well. *Id.* at *5–7. Without Huckabee submitting a proposed curative pleading or otherwise identifying additional allegations that he could

5

have made to overcome the futility of amendment, the District Court dismissed the complaint with prejudice on November 18, 2024. *Id.* at *7 & n.1.

On December 16, 2024, Huckabee filed a motion under Rule 59(e) to alter or amend the judgment to enable him to file an amended complaint. As an exhibit to that motion, Huckabee attached a proposed amended complaint with the following additional allegations as to Meta's actual or constructive knowledge of the misuse of Huckabee's name, image, or likeness:

- Meta's Advertising Standards and Community Standards prohibit potential privacy violations and "bar all ads that are not 'authentic,'" Am. Compl. ¶ 38(D) (JA156);

- Meta controls "every aspect of the production of each ad" on the platform, "thereby gaining a substantial amount of information about each advertiser," *id.* ¶ 38(B) (JA155);

- Meta has "automated and manual review systems to determine whether an ad violates its own policy standards before Meta allows the ad to go live," *id.* ¶ 38(D) (JA156);

- "Meta has its systems review each advertisement for accuracy and authenticity, and whether the ad is consistent with Meta's policies, terms, and conditions," *id.* ¶ 38(C) (JA156);

- "Meta reviewed the Unauthorized [Huckabee] Ads for privacy violations, for accuracy, and for authenticity," yet it published the advertisements knowing that they were false, *id.* ¶ 38(E) (JA156);

- Meta has known for years that other public figures were used to promote CBD products on its platform without authorization, many of those instances were subjects of online news coverage, and some prior advertisements were similarly displayed as fake Fox News articles; and

- In at least one instance, Facebook publicly admitted that scam CBD advertisements on its platform featuring media personalities violated its policies.

The proposed amended complaint also reformulated Huckabee's common-law claims as invasion of privacy, defamation, negligence, and unjust enrichment, and it included additional allegations supporting those claims.

6

The District Court denied Huckabee's Rule 59(e) motion on June 24, 2025. It determined that even with the new allegations, Huckabee's proposed amended complaint did not state a claim for relief, so altering the judgment would be futile. *Huckabee v. Meta Platforms, Inc.*, 2025 WL 1744357, at \*6–11 (D. Del. June 24, 2025). Specifically, with respect to the Broyles Act claim, the District Court reasoned that the allegations made it *possible* that Meta knew of the misuse of Huckabee's name, image, or likeness, but not *plausible* that Meta had either actual or constructive knowledge of the misuse. *Id.* at \*7. For instance, the District Court explained that the "handful of" prior unauthorized CBD advertisements on Facebook did not show that Meta knew that specific advertisements using Huckabee's name, image, or likeness were unauthorized. *Id.* at \*8. The District Court similarly denied the motion as futile as to Huckabee's common-law claims. *Id.* at \*8–11.

On July 16, 2025, Huckabee filed a timely notice of appeal in the District Court, which triggered this Court's appellate jurisdiction over both rulings – the denial of his Rule 59(e) motion and the granting of Meta's motion to dismiss. *See* 28 U.S.C. § 1291; Fed. R. App. P. 4(a)(4)(A)(iv). In this appeal, he challenges both of those rulings but only with respect to his claim under the Broyles Act.

## DISCUSSION

Although Huckabee filed suit in Delaware, Meta does not dispute Huckabee's ability to sue it under the substantive law of Arkansas, so any challenge to the choice of law has been forfeited, at least for purposes of evaluating the denial of Huckabee's Rule 59(e) motion and the granting of Meta's motion to dismiss.[1] Under Arkansas law,

---

[1] *See Schaffner v. Monsanto Corp.*, 113 F.4th 364, 377 n.6 (3d Cir. 2024) (explaining that where "the parties have each framed their arguments" to concern one sovereign's law, the Court need not conduct a choice-of-law analysis).

7

the Broyles Act recognizes a property right in a person's "name, voice, signature, photograph, or likeness," Ark. Code Ann. § 4-75-1104(a)(1), and makes another person liable for using any of that information commercially without consent:

> [A] person who commercially uses the name, voice, signature, photograph, or likeness of an individual is liable to the holder of the property right provided by this subchapter for damages and disgorgement of profits, funds, goods, or services if the commercial use was not authorized under [the terms provided by statute].

*Id.* § 4-75-1108(a); *see also id.* § 4-75-1103(1)(A)(i) (defining 'commercial use' to include "advertising, selling, or soliciting purchases").

The Broyles Act also creates classes of persons subject to exemptions from liability. One of those applies to "service provider[s] of a system or network," who are generally exempt from liability under the Act unless they possess "actual knowledge that a photograph, voice, or likeness on the system or network is in violation" of the Act or are "aware of facts or circumstances from which a violation of this subchapter is apparent." *Id.* § 4-75-1110(a)(1)(F). The issues on this appeal all relate to whether Huckabee has plausibly alleged that Meta – who both parties agree qualifies as a 'service provider' – had the requisite actual or constructive knowledge to be liable under the Broyles Act.

The first challenge Huckabee raises is to the denial of his Rule 59(e) motion. There may be an initial intuitive appeal to evaluate the sufficiency of the allegations in the amended complaint that Huckabee proposed in connection with his Rule 59(e) motion since those allegations have greater breadth and depth than the allegations in the original complaint. But amendment or alteration of a judgment under Rule 59(e) is not a do-over from scratch. As the Supreme Court has emphasized, Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)

8

(quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)).

In its decision explaining the denial of Huckabee's Rule 59(e) motion, the District Court pointed out that Huckabee could have presented an amended complaint in his opposition to Meta's motion to dismiss when requesting that any dismissal be without prejudice, but Huckabee did not do so. *Huckabee*, 2025 WL 1744357, at *2; *see also LabMD, Inc. v. Boback*, 47 F.4th 164, 192 (3d Cir. 2022) ("A plaintiff properly requests amendment by asking the district court for leave to amend and submitting a draft of the amended complaint, so that the court can judge whether amendment would be futile."). Thus, on *de novo* review of the denial of Huckabee's Rule 59(e) motion, *see Gibson v. State Farm Mut. Auto. Ins.*, 994 F.3d 182, 186 (3d Cir. 2021), the District Court did not err because Huckabee's improved allegations could have been presented prior to the entry of a final judgment. *See also Banister v. Davis*, 590 U.S. 504, 508 (2020) (explaining that in response to Rule 59(e) motions, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued").

That still leaves the question of whether the inferior allegations in Huckabee's original complaint sufficed to state a plausible claim under the Broyles Act on *de novo* review. *See Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 326 (3d Cir. 2022). At the outset, the District Court correctly disregarded the allegation that "Meta approved and maintained these advertisements with actual malice or, at least, with reckless disregard" as conclusory. *Huckabee*, 2024 WL 4817657, at *5; *see also Lutz*, 49 F.4th at 327–28 (instructing courts to disregard any allegation that is a "formulaic recitation of the elements of a . . . claim or other legal conclusion" (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016))). But then in evaluating the remainder of the complaint for

9

plausible allegations of Meta's knowledge of the misuse of Huckabee's name, image, or likeness, the District Court did not properly credit other allegations and make reasonable inferences therefrom as required. *See Lutz*, 49 F.4th at 328 (explaining that "evaluat[ing] the plausibility of the remaining allegations" requires "assuming their veracity, construing them in the light most favorable to the plaintiff, and drawing all reasonable inferences in the plaintiff's favor").

As a baseline, the advertisements are premised on a development that Huckabee, a public figure and "lifelong opponent of marijuana and its derivatives—i.e., CBD," Compl. ¶ 34 (JA57), is now endorsing CBD products. While such a stark change of heart can be convincing, in the context of an advertisement, it also raises questions about the legitimacy of the changed position. Those doubts, by themselves, are not enough to infer that Meta had constructive knowledge of the misuse of Huckabee's name, image, or likeness. The original complaint tries to bolster that inference by also alleging that Facebook previously hosted similar, fraudulent CBD advertisements using the name, image, and likeness of other media personalities, and that news outlets reported on those instances. That helps, but even the combined effect of those allegations does not cross the plausibility threshold. Most critically, however, the original complaint states that one of the advertisements displayed on Facebook's platform linked to a website falsely purporting to be a Fox News article. That bogus link, when coupled with the unusual association of Huckabee and CBD and the prior fraudulent CBD advertisements on Facebook, suffices for allegations that Meta was plausibly "aware of facts or circumstances" from which the advertisements' misuse of Huckabee's name, image, or likeness was "apparent." Ark. Code Ann. § 4-75-1110(a)(1)(F)(ii). Accordingly, the District Court erred in dismissing Huckabee's Broyles Act claim for failure to state a claim for relief.

10

**CONCLUSION**

For the foregoing reasons, we will affirm the District Court's order denying the motion to alter or amend the judgment with respect to the Broyles Act claim but vacate and remand the District Court's dismissal of the Broyles Act claim for consideration of Meta's remaining challenge to its adequacy (the commercial benefit argument) based on the allegations in the original complaint.